UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL D. HICKINGBOTTOM,

    Petitioner,

    v.                                  CAUSE NO.: 2:21-CV-235-PPS-APR

WARDEN,

    Respondent.

OPINION AND ORDER

Michael D. Hickingbottom, a prisoner proceeding without a lawyer, filed an amended habeas corpus petition under 28 U.S.C. § 2254. (ECF 6.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Mr. Hickingbottom is serving a 60-year sentence for a 2005 murder conviction in Lake County under cause number 45G02-108-CF-000178 arising from the shooting death of David Reed. His conviction was affirmed on direct appeal. *Hickingbottom v. State*, No. 45A03-0502-CR-77 (Ind. Ct. App. Feb. 8, 2006), *trans. denied Hickingbottom v. State*, 855 N.E.2d 1005 (Ind. 2006). He later sought post-conviction relief, but the trial court denied his petition, and that decision was affirmed on appeal. *Hickingbottom v. State*, No. 45A05-0705-PC-243 (Ind. Ct. App. July 11, 2008), *trans. denied Hickingbottom v. State*, 898 N.E.2d 1223 (Ind. 2008).

Thereafter, Mr. Hickingbottom turned to the federal courts to challenge his murder conviction. He filed a federal habeas corpus petition challenging the conviction in the Southern District of Indiana, which was denied on the merits. *Hickingbottom v. Mize*, No. 1:09-CV-538-DFH-DML, 2009 WL 3642757 (S.D. Ind. Oct. 30, 2009). He appealed, but the Seventh Circuit denied his request for a certificate of appealability. *Hickingbottom v. Finnan*, No. 09-3997 (7th Cir. May 20, 2010). In the ensuing years, he filed multiple applications in the Circuit pursuant to 28 U.S.C. § 2244(b)(3) seeking leave to file a successive habeas petition. *See Hickingbottom v. Brown*, No. 12-3851 (7th Cir. Jan. 3, 2013). These requests were all denied, but Mr. Hickingbottom nevertheless filed an unauthorized successive petition in the district court in 2012. *Id.* When he appealed the dismissal, the Circuit warned him that he was courting sanctions if he did not stop his frivolous filings. *Id.*

Mr. Hickingbottom did not heed the warning, however, and instead returned to the Circuit a few months later with another application to file a successive habeas petition. *Id.* His request was denied, and the Circuit imposed a filing bar prohibiting him from further filings until he paid a $500 sanction. *Id.* He later paid the fine and the bar was lifted, but in 2016 he returned to the Circuit with yet another application to file a successive petition. *Hickingbottom v. Butts*, No. 16-3580 (7th Cir. Oct. 31, 2016). The Circuit denied his request, and this time imposed a filing bar prohibiting him from filing any documents in any district court within the Circuit until he paid a $1,000 fine. *Id.* Court records reflect that Mr. Hickingbottom paid the fine in full in May 2021. *Id.*, ECF No. 7.

Even though Mr. Hickingbottom is not presently subject to a filing bar, he already pursued federal habeas relief challenging his 2005 murder conviction. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he cannot proceed with a new habeas petition challenging this same conviction unless he obtains prior authorization from the Circuit. 28 U.S.C. § 2244(b)(3)(A). There is no indication from his filing that he has obtained such authorization, and I have no jurisdiction to consider an unauthorized successive petition. 28 U.S.C. § 2244(a); *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Apparently aware of this problem, Mr. Hickingbottom asserts in his petition that he is not trying to challenge his 2005 murder conviction in this proceeding. (ECF 6 at 2.) Although he invokes 28 U.S.C. § 2254 and raises claims of ineffective assistance of trial counsel, it appears from attachments to the petition that he wants me to review an Indiana Court of Appeals decision stemming from a civil suit he filed in 2019 against his trial counsel, the trial judge, and others associated with his criminal case. (ECF 6-1 at 3.) His complaint was dismissed for failure to state a claim, and the Indiana Court of Appeals affirmed. (*Id.* at 1-8.) In his federal petition, Mr. Hickingbottom argues that the state courts erred in several respects in dismissing his civil case because he did not receive effective assistance from his attorney in the criminal trial. (ECF 6 at 3-4.)

This is not a proper use of 28 U.S.C. § 2254, which only authorizes federal review of state criminal convictions. 28 U.S.C. § 2254(a). I do not have jurisdiction to conduct appellate review of a state court's civil judgment. *Milchtein v. Chisholm*, 880 F.3d 895, 897 (7th Cir. 2018) ("Among federal courts, only the Supreme Court of the United States has

3

statutory authority to review the decisions of state courts in civil cases."). Moreover, Mr. Hickingbottom cannot skirt the requirements of the AEDPA through "inventive captioning." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). As the Circuit has explained, when it comes to filings in federal court that challenge a state conviction: "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Id.* In other words, Mr. Hickingbottom cannot avoid the bar on successive petitions simply by reformulating his arguments. He is cautioned that he risks having additional sanctions imposed if he persists in filing unauthorized or frivolous documents in this District aimed at overturning his 2005 murder conviction.

     For these reasons, the amended petition (ECF 6) is DISMISSED for lack of jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED.

ENTERED: September 1, 2021.

                                                /s/   Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT